**GENZ–RYAN PLUMBING AND HEAT-ING COMPANY, Respondent,**

v.

**Daryl McCARTHY, and individual, and d/b/a McCarthy Construction, Inc., et al., Appellants.**

No. C6–84–139.

Court of Appeals of Minnesota.

July 3, 1984.

Richard D. Weiblen, Minneapolis, for appellants.

Reid J. Hansen, Rosemount, for respondent.

Considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellants appeal denial of reinstatement of a default judgment upon an abuse of process counterclaim against respondent. We affirm.

## FACTS

This case involves two related suits. In March 1981, Genz-Ryan Plumbing and Heating Company obtained a default judgment against Daryl McCarthy and McCarthy Construction, Inc. for work done on property jointly owned by Daryl and his wife Melissa. McCarthy sought to avoid the judgment by conveying the property to his wife through a straw person, and then moving to vacate the original judgment because of the "clerical error" in the property owners' names. The judgment was vacated, but was reinstated after a hearing. However, because of the transfers, the reinstatement did not result in a judgment lien on the property.

In August 1982, Genz-Ryan brought a suit against the McCarthys and McCarthy Construction to set aside the transfer to Melissa McCarthy as a fraudulent conveyance. Three months later Genz-Ryan moved for summary judgment. A month after that McCarthys amended their answer to raise a counterclaim for abuse of process. Genz-Ryan's attorney failed to answer the counterclaim within the 20 day statutory period because he was busy preparing to argue the summary judgment motion. The summary judgment was granted in December 1982. McCarthys did not appeal.

Nine months after the summary judgment McCarthys obtained a default judgment on the counterclaim from the clerk of court. They did not seek a court order for the judgment or give Genz-Ryan notice of the motion for a default judgment. Genz-Ryan moved to vacate the judgment. The trial court granted the motion and awarded the company $250 for attorney fees.

## ISSUE

Did the trial court err in refusing to reinstate a default judgment on an appellants' abuse of process counterclaim where the judgment was entered without court order or notice to respondent, and a prior summary judgment established that there was no merit to the claim?

## ANALYSIS

The trial court found that Genz-Ryan was entitled to vacation of the default judg-

ment under Rule 60.02, Subd. (1), (3), (4) and (6), Minn.R.Civ.P. The rule provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment * * * for the following reasons: (1) mistake, inadvertance, surprise or excusable neglect; * * *
>
> (3) fraud, * * * misrepresentation or misconduct of an adverse party;
>
> (4) the judgment is void; * * * or
>
> (6) any other reason justifying relief from the operation of the judgment.

It is questionable whether Genz-Ryan's attorney's failure to answer the counterclaim qualifies as "mistake, inadvertance, surprise or excusable neglect." However, other factors justify the vacation of the judgment.

First, the judgment is void because the clerk had no authority to enter this default judgment without a court order. A default judgment may be entered by the clerk upon affidavit by the plaintiff *only* for a contract claim for payment of money. In all other cases the party entitled to a default judgment must apply for a court order directing entry of a default judgment. Rule 55.01, Minn.R.Civ.P. An abuse of process claim does not qualify as a contract claim for payment of money, and McCarthys did not seek a court order.

Second, McCarthys failed to give Genz-Ryan notice of their application for a default judgment. Rule 55.01, Minn.R.Civ.P., provides that a party "who has appeared in the action" is entitled to three days written notice of the opposing party's application for a default judgment. "A party appears when he serves or files any papers in the proceeding." McCarthys contend that because Genz-Ryan did not file an answer to the counterclaim the company did not "appear" in the case and was not entitled to notice. We find that Genz-Ryan "appeared" by initiating the action which prompted the counterclaim and by filing numerous documents relating to the action.

Finally, the summary judgment entered in Genz-Ryan's favor nine months before the default judgment established that there

was no merit to McCarthys' abuse of process claim.

### DECISION

We affirm the trial court's refusal to reinstate the default judgment and its award of $250 attorney fees. In addition, pursuant to Minn.Stat. § 549.21 (1982), we order appellants to pay respondent $750 for attorney fees upon appeal.